IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALTON REAL ESTATE INV., LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-0825-MJR |
| ) | |
| ALLIED WASTE SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

On October 30, 2006, Allied Waste Services, Inc. ("Allied") removed the above-captioned case to this District, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. The case comes before the undersigned Judge for threshold jurisdictional review.

Originally filed in the Circuit Court of Madison County, Illinois, this negligence action arises out of November 2005 property damage to a parking garage owned by Plaintiff in Alton, Illinois – damage allegedly caused when a truck driven by Allied employee John Mayberry entered Plaintiff's garage without permission, drove up the ramp to the second level of the garage, and crashed through the second level floor, thereby damaging the structure. The complaint seeks damages in an amount "fair and reasonable" plus interest and costs.

Served with the state court complaint on October 3, 2006, Allied timely

removed the action to this Court. The removal notice attests that the amount in controversy suffices under § 1332, because "Plaintiff has calculated its damages to equal $76,319.80 in a letter sent to a representative of Defendant [Allied]" (Doc. 2-1, p. 1). Therefore, Allied alleges on "information and belief" that the amount in controversy exceeds the jurisdictional minimum needed in this United States District Court.

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. As the Seventh Circuit emphasized earlier this year in *Hart v. FedEx Ground Package System*, 457 F.3d 675, 679 (7th Cir. 2006):

> In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence.... Federal courts are courts of limited jurisdiction: "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."

So Allied – who seeks this federal forum – must show that subject matter jurisdiction properly lies here. One potential problem is Allied's allegation based on "information and belief." Such allegations arguably are insufficient to support the exercise of diversity jurisdiction in this Circuit. *See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). The Court cannot resolve this by reference to materials submitted *with* the removal notice, because Allied failed to attach the letter in which Plaintiff allegedly estimates damages at $76,319.80.

Considerably more troubling is Allied's failure to provide the facts necessary for the Court to verify that diversity between the parties is complete. We know that Allied, a corporation, is a citizen of Delaware (its state of incorporation) and Arizona (the state in which its principal place of business is located). But Allied has not provided the citizenship information as to Plaintiff – Alton Real Estate Investments, LLC. Allied simply relies on its "current belief that any member or members [of the LLC] do reside in, and are therefore citizens of, the State of Illinois" (Doc. 2-1, p. 2).

Setting aside the question of whether *residence* equates to *citizenship,* the law of this Circuit provides that – for diversity purposes – the citizenship of a limited liability company is the citizenship of EACH of its members, so complete diversity can only be ascertained if the complaint (or removal notice) *identifies* the citizenship of *each* member of the LLC. *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 651 (7th Cir. 2006); *Wise v.. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

Indeed, a limited liability company is a citizen of EVERY state of which any member is a citizen, and "this may need to be traced through multiple levels if any of [the] members is itself a partnership or LLC." *Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). *Accord Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).

In the case at bar, the removal notice does not identify the citizenship of each member of Alton Real Estate Investments, LLC. As the party seeking removal, Allied

shoulders the burden of providing this information. However, the Court is cognizant of the fact that these details probably lie more readily in the grasp of Plaintiff's counsel (who represents the LLC).

Because Plaintiff's complaint contains a reference requiring explanation (the final paragraph inexplicably seeks judgment against Defendants named "Rain" and "Norton and Rain"), and because district courts should freely grant leave to amend defective allegations of subject matter jurisdiction (rather than *sua sponte* dismissing cases for lack of jurisdiction), *see Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992), and *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001), the Court will ask BOTH parties to clarify the questions regarding jurisdiction.

Accordingly, the Court **DIRECTS** both Defendant and Plaintiff – **by November 24, 2006** - to file a "Jurisdictional Memorandum" addressing the issues raised in this Order. Defendant should identify the citizenship of each member of the Plaintiff LLC (information which, hopefully, Plaintiff's counsel will help obtain/provide). Defendant and Plaintiff should discuss the amount in controversy and/or provide the letter in question. Finally, for clarity as to the named parties, Plaintiff should explain whether the reference to Defendants Rain and Norton is a typographical error.

IT IS SO ORDERED.

DATED this 3rd day of November 2006.

                         s/ Michael J. Reagan_____
                         MICHAEL J. REAGAN
                         United States District Judge