IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALTON REAL ESTATE INVESTMENTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:06-cv-825 MJR |
| v. | ) ) | |
| ALLIED WASTE SERVICES, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER

On April 15, 2008, the Court held an in-person discovery dispute conference in this matter. The Court heard arguments regarding the relevance of interrogatories and requests for production. The Court makes the following rulings:

### DEFENDANT'S SECOND SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

1. Answered.

2. Answer supplemented at hearing; no.

3. Plaintiff ordered to supplement the answer.

4. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

5. Interrogatory amended to read: "Please state whether Alton Real Estate Investments, LLC *has* any buy-sell agreements and/or stock purchase agreements relating to the sale of stock of any business for the last ten (10) calendar years." Plaintiff not ordered to answer.

6. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

7. Interrogatory amended to read: "Please state whether Alton Real Estate Investments, LLC has sold or anyone has sold on its behalf, any real or personal

property other than stocks, bonds, and other securities *from its inception*." Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

8. Interrogatory amended to read: "Please state whether Alton Real Estate Investments, LLC either alone or in common with another person, has purchased any real or personal property, other than stocks, bonds, and other securities *since its inception*." Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

9. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

10. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

11. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

12. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to answer.

**RESPONSE TO DEFENDANT'S THIRD SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF**

1. Request amended to read: "All documents pertaining to loan applications, brokerage statements, or bank statements." Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

2. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered produce any responsive documents.

3. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

4. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

5. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

6. Request amended to read: "All documents reflecting Alton Real Estate Investments LLC's gross earnings and net profits *since its inception*." Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce

any responsive documents.

7. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

8. Request amended to read: "Alton Real Estate Investments, LLC's federal income tax returns (including all schedules and attachments) *since its inception*." Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

9. Request duplicative; Plaintiff not ordered to produce any documents.

10. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

11. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

12. Request amended to read: "All documents pertaining to the sale price or sale of any real or personal property other than stocks, bonds, and other securities, sold by Alton Real Estate Investments, LLC, or on its behalf, *since its inception*." Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

13. Plaintiff not ordered to produce any documents.

14. Plaintiff not ordered to produce any documents.

15. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

16. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

17. Plaintiff not ordered to produce any documents.

18. Subject to Plaintiff's objection and without waiving the same, Plaintiff ordered to produce any responsive documents.

19. Request duplicative; Plaintiff not ordered to produce any documents.

20. Plaintiff not ordered to produce any documents.

**CONCLUSION**

These are the rulings of the Court as to the discovery dispute heard April 15, 2008. The Plaintiffs are granted 30 days--until May 15, 2008--to respond to Defendant's requests.

**IT IS SO ORDERED.**

**DATED: April 16, 2008**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**

4