IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALTON REAL ESTATE INVESTMENTS, LLC, )
)
                                Plaintiff, )
)
vs. )    Case No. 06-cv-0825-MJR-DGW
)
ALLIED WASTE TRANSPORTATION, INC., )
)
                              Defendant. )

MEMORANDUM and ORDER

REAGAN, District Judge:

      **A.**    **Introduction**

Commenced in the Circuit Court of Madison County, Illinois, this negligence lawsuit seeks damages for property damage to a two-level parking garage in Alton, Illinois. Alton Real Estate Investments, LLC (Alton), the owner of the garage, alleges that John Mayberry – an employee of Allied Waste Transportation, Inc. (Allied) – entered the garage without permission on November 9, 2005, drove a waste removal truck up a ramp to the second level, crashed through the floor, and severely damaged the structure. Allied counters that Alton's failure to properly maintain the structure caused or contributed to the damage.

In October 2006, Allied removed the action to this Court, where subject matter jurisdiction lies under the federal diversity statute, 28 U.S.C. § 1332. Jury trial is scheduled to commence at 9:00 am on Monday, October 6, 2008.

The undersigned Judge conducted a hearing September 3, 2008 on the final two pending motions – Alton's Motion for Rule 37 Sanctions (Doc. 78) and Allied's Motion to Exclude Expert Testimony (Doc. 82). For the reasons described below, the Court partially grants Alton's motion and denies Allied's motion. Because they are so closely related, the motions are discussed together.

B. <u>Analysis</u>

On November 30, 2007, Alton identified engineer Kenneth McDonough as an expert and produced a report he prepared. In that report (Exh. A to Doc. 82), McDonough opined that (1) the garage beam which failed was "not significantly deteriorated" on the date of the accident, and (2) the beam was over-stressed by Allied's truck. Challenging McDonough's testimony, Allied argues that McDonough's first opinion is based on an observation made by someone else and McDonough's second opinion should be disregarded, because McDonough cannot say with a reasonable degree of structural engineering certainty what the pre-failure strength of the beam was.

By the time McDonough was retained, the garage in question had been demolished. Because he was not able to view the scene, measure the beams involved, or make other calculations based on the spacing of the supporting structures in the garage, McDonough relied on photographs and a scale drawing made by someone else (William R. Thompson). And in reaching his opinion that the beam was over-stressed, McDonough designed a *replica* beam and tested it. Allied contends that McDonough made several key mistakes and incorrect assumptions in this process.

-2-

In short, Allied asserts that McDonough's opinions do not pass muster under the Federal Rules of Evidence and the opinions interpreting them, such as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Allied asks this Court to prohibit McDonough from testifying at trial.

In-depth review of Rule 702 and *Daubert* is not required to resolve the motions sub judice. The gist of Allied's motion is that McDonough did not inspect the garage, did not use the actual specifications of the garage and its beams, and relied on the observation of another person (a structural engineer) in arriving at his opinion about the deterioration of the beam.

Alton counters that McDonough was hamstrung in his efforts by Allied's violations of Federal Rule of Civil Procedure 26(a)(1) and 26(a)(2), and Allied ought not be permitted to benefit from its lack of compliance with discovery obligations.

Indeed, in a motion for sanctions pursuant to Federal Rule of Civil Procedure 37 (Doc. 78), Alton asserts that it was *Allied* who failed to produce the documents showing the specifications on the garage and beams in the first place, and this conduct merits excluding Allied's expert – John Sydow.

Having carefully reviewed the voluminous record and heard the arguments of counsel, the Court finds no evidence that Allied willfully withheld any evidence or intentionally misled Alton. However, the record before the Court does indicate that Allied fell short of full compliance with disclosure obligations under Rule 26.

On November 30, 2007, Allied disclosed Sydow as an expert witness under Rule 26(a)(2) and produced Sydow's report under Rule 26(a)(2)(B). But Allied produced no other materials, reports, data, exhibits or other documents considered by Sydow in forming his opinions. Not until Sydow was deposed on May 28, 2008 did Allied provide Alton with key documents regarding the studies on the garage done by an engineering firm (Geotechnical Engineers). Only at that deposition were the facts fully revealed regarding Sydow's own detailed measurements of the garage and of trucks similar to the one driven by Mayberry, Sydow's calculations based on those measurements, and concrete cores which had been drilled from the garage and given to Geotechnical for testing. Sydow testified at his deposition that he based his opinions on this material, but not all of this material was disclosed to Alton as required under Rule 26.

The plain language of Rule 26 obligated Allied to timely disclose *all* data and information relied on by Sydow. This violation was not harmless. Alton suffered prejudice in that (1) Alton's expert (McDonough) did not have the benefit of the garage measurements and other information in forming his conclusions, (2) Alton's counsel was not able to thoroughly prepare to depose Allied's expert (Sydow). Yet, cognizant that Alton owned the property in question and had control over the demolition of the garage, the Court declines to strike Sydow based on Allied's violation of disclosure obligations.

The fair and prudent course involves excluding neither expert and awarding no attorneys' fees. Rather, the Court will permit both parties a limited opportunity to reopen discovery and complete trial preparation, while preserving the October 6, 2008

trial setting and slightly modifying several deadlines.

To summarize, the Court will not exclude McDonough's testimony under Federal Rule of Evidence 702 or Daubert. The proffered testimony is relevant, is the product of reliable principles, and does not result from "junk science" or flawed methodology. To the extent that McDonough's opinions could or should have been more fully developed, Allied's lack of complete disclosure and full compliance with Federal Rule of Civil Procedure 26(a) contributed to the problem.

McDonough will be allowed to review the information and supplement his opinions accordingly. Furthermore, Alton will be given a chance to reconvene the deposition of Allied's expert (Sydow), with the benefit of the additional information/data. But Alton must tender McDonough for a supplemental deposition by Allied's counsel as well.

C.  Conclusion

The Court **DENIES** Allied's motion to exclude expert Kenneth McDonough (Doc. 82).

The Court **GRANTS IN PART and DENIES IN PART** Alton's motion for sanctions (Doc. 78). That motion is denied in all respects, other than that the Court is granting the alternative relief requested therein – the limited reopening of discovery to permit McDonough to supplement his opinions and assist in preparing Alton's counsel for a supplemental deposition of Sydow. The following schedule governs the reopening of discovery herein.

- Allied shall produce Sydow for supplemental deposition on or before September 13, 2008.

- Alton shall produce McDonough for supplemental deposition on or before September 20, 2008.

- Motions in limine, if any, must be filed by September 24, 2008. Responses thereto shall be filed by September 29, 2008.

- The **Final Pretrial Conference** is hereby **RESET** to 11:30 am on Friday, October 3, 2008. Jury trial **REMAINS SET** to commence at 9:00 am on Monday, October 6, 2008.

- Proposed jury instructions shall be tendered to the Court by 11:00 am on Monday, October 6, 2008. Counsel should consult the undersigned Judge's web-page for specific details on the format in which proposed instructions must be submitted. Questions can be addressed to Judge Reagan's law clerk, Sheila, at 618-482-9229.

IT IS SO ORDERED.

DATED this 3rd day of September 2008.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge